# United States Court of Appeals for the Federal Circuit

---

**SYSTEM STUDIES & SIMULATION, INC.,**
*Plaintiff-Appellant*

**L3 DOSS AVIATION, INC.,**
*Plaintiff*

**v.**

**UNITED STATES, CAE USA INC.,**
*Defendants-Appellees*

---

2021-1469

---

Appeal from the United States Court of Federal Claims in Nos. 1:20-cv-00575-MMS, 1:20-cv-00609-MMS, Senior Judge Margaret M. Sweeney.

---

Decided: December 30, 2021

---

WALTER BRAD ENGLISH, Maynard, Cooper & Gale, PC, Huntsville, AL, argued for System Studies & Simulation, Inc. Also represented by EMILY J. CHANCEY, JON DAVIDSON LEVIN; MICHAEL W. RICH, Burr & Forman LLP, Mobile, AL.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for United States. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE

HOSFOR; NICHOLAS ANDREW LUCCHETTI, Contract and Fiscal Law Division, United States Army Legal Service Agency, Fort Belvoir, VA.

ALEXANDER B. GINSBERG, Pillsbury Winthrop Shaw Pittman LLP, McLean, VA, argued for CAE USA Inc. Also represented by JAMES MATTHEW CARTER, KEVIN REZA MASSOUDI, Los Angeles, CA.

_____

Before NEWMAN, PROST, and TARANTO, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* TARANTO.

*Circuit Judge* NEWMAN dissents without opinion.

TARANTO, *Circuit Judge*.

System Studies & Simulation, Inc. (S3), an unsuccessful bidder for a government contract, filed a bid-protest action in the Court of Federal Claims (Claims Court). The Claims Court concluded that the federal contracting agency had acted arbitrarily and capriciously in one aspect of its decision. But the court nevertheless denied S3 relief on the ground that the deficient aspect of the decision did not prejudice S3, in that the contract award would have been the same regardless. *System Studies & Simulation, Inc. v. United States*, 152 Fed. Cl. 74 (2020) (*CFC Opinion*); *System Studies & Simulation, Inc. v. United States*, 152 Fed. Cl. 20 (2020) (*Reconsideration Opinion*).

S3 argues on appeal that there is a presumption of prejudice whenever the Claims Court determines that the agency acted irrationally in making an award decision. We reject that contention. And we see no clear error in the Claims Court's determination that there was no prejudice in this case. We therefore affirm.

I

In 2018, the United States Department of the Army, Mission and Installation Contracting Command (Agency) requested bids to provide the Agency with advanced helicopter flight training services.  In September 2019, the Agency awarded the contract to L3 Doss Aviation, Inc.  But in a bid-protest action filed by disappointed bidder S3 under 28 U.S.C. § 1491(b), the Claims Court set aside the award.  *System Studies & Simulation, Inc. v. United States*, 146 Fed. Cl. 186, 204 (2019).

The Agency then reevaluated the bids, and in May 2020 it awarded the contract to CAE USA Inc.  A few days later, S3 filed another bid-protest action in the Claims Court, arguing on numerous grounds that the decision to award the contract to CAE was arbitrary and capricious. The Claims Court rejected most of S3's arguments, but it agreed with one of them, concerning the assignment by the Agency's source selection authority (SSA) of a certain "strength" to CAE when evaluating CAE's bid proposal. Specifically, S3 argued that the assignment was arbitrary and capricious because that strength, which purported to provide a "significant cost savings benefit" to the Agency, would result in only small and unpredictable savings, if any. *See CFC Opinion*, 152 Fed. Cl. at 91–92.  The Claims Court agreed, determining that it was irrational to classify that aspect of CAE's proposal as a strength.  *Id.*

Nevertheless, the Claims Court upheld the decision to award the contract to CAE because there was no prejudice to S3 from the identified error.  *Id.* at 95–96.  The Claims Court observed that the erroneously found strength had been treated as falling within a non-price-factor category for which CAE's proposal had been "clearly superior," an assessment that would not be altered by the loss of a strength for which the only possible benefit could be monetary.  *Id.* at 95.  Moreover, when explicitly comparing the added benefits of the CAE proposal with its higher price in

the best-value tradeoff analysis, the SSA had not made any adjustment to CAE's price based on a cost saving from the strength. *Id.* Thus, the Claims Court found that S3 had not been prejudiced by the error, and it granted judgment for the government and CAE. *Id.* at 96–97. The court subsequently denied reconsideration, reiterating its analysis and specifically rejecting S3's argument that it was entitled to a presumption of prejudice. *Reconsideration Opinion*, 152 Fed. Cl. at 26–32.

S3 appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

## A

S3's principal contention is that when the Claims Court determines in a bid-protest action that an aspect of the agency's decision was arbitrary and capricious, the defect in the agency's decision must be presumed to be prejudicial. We reject that contention.

The standards of the Administrative Procedure Act (APA) set forth in 5 U.S.C § 706 govern judicial review of agency action in bid protests. 28 U.S.C. § 1491(b)(4). The APA provision mandates that when a court reviews agency action for being "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. The Supreme Court has explained that the prejudicial-error rule applies the harmless-error standard to review of administrative agency action. *Shinseki v. Sanders*, 556 U.S. 396, 406–07 (2009). In particular, the challenger of agency action generally bears the burden of showing that an error was harmful—that is, that it was prejudicial. *Id.* at 409–10.

Our precedent accords with the APA mandate. We have prescribed a two-step process when deciding whether to set aside a contract award, covering both irrationality

errors and legal errors.  We first ask "whether the agency's actions were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'"; if so, we ask whether the error was "prejudicial."  *Office Design Group v. United States*, 951 F.3d 1366, 1371 (Fed. Cir. 2020) (quoting *Glenn Defense Marine (ASIA), PTE Ltd. v. United States*, 720 F.3d 901, 907 (Fed. Cir. 2013)); *see also Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005).  Recently, we reiterated that the second step is always required before setting aside a bid award, regardless of whether the error identified at the first step was arbitrary and capricious action or, instead, a violation of law.  *See DynCorp Int'l, LLC v. United States*, 10 F.4th 1300, 1308 n.6 (Fed. Cir. 2021) ("The APA does not provide an exception to the prejudicial-error rule for arbitrary and capricious action.").  And we have specifically ruled that "[t]o prevail in a bid protest case, the protestor must show that it was prejudiced by the government's actions," so stating in a case where the alleged error was an irrational (hence arbitrary and capricious) rating.  *Glenn Defense Marine*, 720 F.3d at 912 (citing *Bannum*, 404 F.3d at 1351).

The APA and our precedents are therefore inconsistent with the presumption of prejudice that S3 urges us to adopt.  S3 argues for a contrary conclusion based on our decision in *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324 (Fed. Cir. 2001) (*Garufi*), where we said:

> [A] bid award may be set aside if either: (1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure.  *See Kentron Hawaii, Ltd. v. Warner*, 480 F.2d 1166, 1169 (D.C. Cir. 1973); [other citations omitted].  When a challenge is brought on the first ground, the courts have recognized that contracting officers are "entitled to exercise discretion upon a broad range of issues confronting them" in the procurement process.

> *Latecoere Int'l, Inc. v. U.S. Dep't of Navy*, 19 F.3d 1342, 1356 (11th Cir. 1994). Accordingly, the test for reviewing courts is to determine whether "the contracting agency provided a coherent and reasonable explanation of its exercise of discretion," *id.*, and the "disappointed bidder bears a 'heavy burden' of showing that the award decision 'had no rational basis.'" *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 456 (D.C. Cir. 1994). When a challenge is brought on the second ground, the disappointed bidder must show "a clear and prejudicial violation of applicable statutes or regulations." *Kentron*, 480 F.2d at 1169; *Latecoere*, 19 F.3d at 1356.

*Id.* at 1332–33. But S3 makes more of that language than is proper given the APA and our precedents.

All the *Garufi* passage does is expressly acknowledge the prejudice-showing requirement where a "violation of a regulation or procedure" is at issue while omitting reference to prejudice where the absence of "a rational basis" is at issue. The passage does not disclaim a prejudice requirement for the latter situation, and the court in *Garufi* did not proceed to presume prejudice. We conclude that *Garufi* cannot be taken as implicitly establishing a presumption of prejudice for cases of irrationality given our contrary precedents and the APA law those precedents follow. To the extent that there has been uncertainty on this point in the Claims Court, *see, e.g.*, *Textron, Inc. v. United States*, 74 Fed. Cl. 277, 327–29 (2006); *Caddell Constr. Co. v. United States*, 125 Fed. Cl. 30, 50 (2016); *DynCorp Int'l LLC v. United States*, 148 Fed. Cl. 568, 584–85 (2020), we now reject the interpretation of *Garufi* on which the uncertainty rests.

We hold that there is no presumption of prejudice when a protestor demonstrates irrationality in an agency decision. The protestor must show prejudice under the usual

standard.  The Supreme Court has noted that, at least in some contexts, prejudice will be easily shown because the circumstances will make prejudice readily apparent. *Shinseki*, 556 U.S. at 410.  But even if that may sometimes be true in particular bid-protest cases, there is no starting point of presumed prejudice.

B

S3 also challenges the Claims Court's particular finding of no demonstrated prejudice in this case.  To demonstrate prejudice, S3 needed to show "that there was a 'substantial chance' it would have received the contract award but for" the inclusion of the erroneous strength. *Bannum*, 404 F.3d at 1353.  While we review the legal standard for prejudice de novo, we review the Claims Court's factual findings underlying the prejudice determination for clear error. *WellPoint Military Care Corp. v. United States*, 953 F.3d 1373, 1377 (Fed. Cir. 2020) (citing *Bannum*, 404 F.3d at 1353–54).

We see no departure from the correct legal standard in the Claims Court's prejudice analysis. *CFC Opinion*, 152 Fed. Cl. at 87; *Reconsideration Opinion*, 152 Fed. Cl. at 26–28.  And we see no clear error in the Claims Court's factual determinations.  The court appropriately considered how the elimination of a speculative, price-based strength would affect a best-value tradeoff analysis that explicitly compared the full price of the proposal with the non-price benefits of that proposal, and the court's finding that "loss of the [] strength would not have disturbed CAE's lead" was not clearly erroneous. *CFC Opinion*, 152 Fed. Cl. at 95.  The court indicated that the invalidation of one of the qualitative strengths might have required a new analysis, *see Reconsideration Opinion*, 152 Fed. Cl. at 31, but it reasonably explained why what occurred here was importantly different.  The strength at issue here had no non-price benefits, and it could only have affected the cost side of the SSA's best-value tradeoff analysis, but the SSA had not in

fact discounted CAE's proposed price based on this strength at all.  Additionally, the SSA had "repeatedly emphasized" other non-price aspects of CAE's proposal, which were independent of the irrationally assigned strength. *CFC Opinion*, 152 Fed. Cl. at 95.  In these circumstances, we conclude that the Claims Court did not err when it determined that the irrational assignment of the particular strength at issue to CAE was harmless error.

## III

We have considered S3's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the decision of the Claims Court.

**AFFIRMED**